(20· Misc. Rep. 102.)

### KRONFELD v. HAINES et al.

(Supreme Court,· Appellate Term.  April ·26, 1897.)

ASSOCIATIONS—ORGANIZATION.

The individuals composing the organization committee of the "A. Exchange," a proposed voluntary association, adopted a resolution forming an association under the title of the "M. Exchange." They also resolved to accept applications for membership in the "A. Exchange" as valid applications for membership in the "M. Exchange," and to adopt on certain conditions some of the liabilities of the "A. Exchange." They also issued a circular stating that a demand had arisen for the establishment of an exchange to take up the business of a specified concern which had gone into the hands of a receiver; that several propositions had been made to the "A. Exchange" to undertake the business; that the managing committee had decided to establish the exchange; and that its name would be the "M. Exchange." *Held,* that it was intended that the· "M. Exchange" should be a new organization, and not merely a change of name of the "A. Exchange."

Appeal from Eighth district court.

Action by Marcus Kronfeld against Charles D.· Haines and others for printing and stationer's supplies furnished by the plaintiff's assignor, Edward V. Brokaw, to the Mining & Industrial Exchange of New York. There was a judgment in favor of plaintiff for $177.30, besides costs, and defendant Haines appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Esseltyn, Ketcham & Safford, for appellant.
I. Henry Harris and Kronfeld & Harris, for respondent.

DALY, P. J.   The defendant is sued, with others, as a member of a· voluntary, unincorporated association, known as the Mining & Industrial Exchange, to recover for supplies furnished by the plaintiff's assignor to the association.   The defense denied the membership of this defendant in· the concern named.   It appeared that he signed an application for membership in a concern to be organized, called the American Stock Exchange; and plaintiff claims that there was a mere change of the name of the latter to the Mining & Industrial Exchange, and that the work was done for the association to which the defendant belonged.   Not only is proof in support of this claim lacking, but the records of the organization of the Mining & Industrial Exchange show that it was a different institution from the American Stock Exchange. It appears from the "initial agreement" that the individuals who had theretofore acted as the organization·committee of the proposed American Stock Exchange adopted a resolution to form an association under the title of the Mining & Industrial Exchange of New York.   They passed a resolution to accept and recognize applications for membership in the American Stock Exchange as valid applications for membership in the Mining & Industrial Exchange; they adopted the liabilities for advertising, printing, stationery, and rent incurred on behalf of the former company, conditional upon the discharge of said liabilities being provided for out of such funds of the Mining & Industrial Exchange as might be available after the commencement of actual business; they recognized no claims to compensation for per-

sonal services rendered to the American Stock Exchange, other than certain specific allowances, to be made conditional by certain credits on the books of the Mining & Industrial Exchange; and finally they authorized the secretary to issue a circular stating that he was instructed by the managing committee of the American Stock Exchange to submit a certain statement, substantially as follows: That, owing to internal disputes and mismanagement of the New York Mining Exchange, "that institution is in the hands of a receiver, and a strong demand has arisen for the establishment of a new exchange, to take up the business under conditions of greater stability," etc.; that several propositions have been made to the American Stock Exchange to undertake the business in question, and these propositions are accompanied by the assurance of sufficient support; that the managing committee have decided forthwith to establish the exchange, and the name under which the business will be carried on will be the Mining & Industrial Exchange of New York; and if, upon consideration of the foregoing, the party to whom the circular is addressed desires to become one of the governing members of the exchange, it will be necessary at once to send in an application on an accompanying form. That the Mining & Industrial Exchange was intended to be a new organization appears from its recognizing and adopting certain liabilities of the American Stock Exchange, and not others. No such discrimination could be made if there were a mere change of name. The initial agreement for the Mining & Industrial Exchange was entered into on May 14, 1896, and the circular was issued May 19, 1896. This was about a month after the defendant Haines had paid in his subscription as a member of the American Stock Exchange, as appears by his check dated April 15, 1896; and it is not shown that, in response to the circular above referred to, he made any application to join the Mining & Industrial Exchange, which, it is evident from the foregoing facts, was a new concern, and not the organization to which he had subscribed. The work done by the plaintiff's assignor, as appears from the bill in evidence, was performed for the new concern after its organization, and not for the American Stock Exchange, of which alone the defendant Haines was a member. No indebtedness of defendant to the plaintiff or his assignor, therefore, is shown.

Judgment reversed; new trial ordered; costs to appellant to abide the event. All concur.